**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Glacierworld.com Inc.,

Plaintiff,

v.

Unofficial Networks, LLC,

Defendant.

Case No:

JURY TRIAL DEMAND

## COMPLAINT

Plaintiff Glacierworld.com Inc. ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Unofficial Networks, LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1.     This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2.     Craig Moore ("*Moore*") created a photograph of a woman riding an alpine slide (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications. Moore created the Photograph to capture the beauty of Glacier National Park and the people and places of northwest Montana.

3.     Upon information and belief, Defendant is an online news and entertainment outlet covering skiing and winter sport news.

4.     As part of its core business, Defendant owns and operates a website at unofficialnetworks.com (the "*Website*").

5.     Defendant, through its agent, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

1

## PARTIES

6.     Plaintiff Glacierworld.com Inc. is a Montana corporation with a principal place of business in Flathead County, Montana.

7.     Upon information and belief, defendant Unofficial Networks, LLC, is a New York limited liability company with a principal place of business at 8 Sidney Place, New York in Kings County, New York.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9.     This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

10.     Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

A.     **Plaintiff's Copyright Ownership**

11.     Plaintiff is a professional photography corporation by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

12.     Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

13.     Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14.     Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

15.     On June 7, 2024, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

2

16.     In creating the Photograph, Moore personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

17.     On July 23, 2024, the Photograph was registered by the USCO under Registration No. VA 2-404-904.

18.     Moore created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

19.     Plaintiff acquired the rights in and to the photograph by way of a valid written transfer agreement.

**B.     <u>Defendant's Infringing Activity</u>**

20.     Defendant is the registered owner of the Website and is responsible for its content.

21.     Defendant is the operator of the Website and is responsible for its content.

22.     The Website is a key component of Defendant's popular and lucrative commercial enterprise.

23.     The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

24.     Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure that images used in their posts have been properly licensed.

25.     Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

26.     Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

27.     Defendant's failure to adopt or effectively enforce internal copyright policies, if

any, indicates *de facto* willful infringement.

28.    On or about April 9, 2025, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed the Photograph on the Website as part of an on-line post at URL: https://unofficialnetworks.com/2025/04/09/whitefish-skier-visit-numbers-report/ (the "*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

29.    The Photograph was intentionally and volitionally copied and stored by Defendant at                                                                              URL: https://web.archive.org/web/20250427135342im_/https://i0.wp.com/unofficialnetworks.com/wp-content/uploads/2025/04/480950124_1018213490351277_3128503427017353048_n.jpg?resize =1200%2C1500&ssl=1.

30.    The Infringement is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant.

31.    Plaintiff first observed the Infringement on October 23, 2025.

32.    Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

33.    The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

34.    Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying images including but not limited to Plaintiff's Photograph.

35.    Upon information and belief, Defendant directly contributes to the content posted on the Website by *inter alia*, directly contracting with or employing reporters, authors and editors as its agents, including but not limited to Francis Xavier (the *"Agent")*. Defendant's Website lists

the Agent as a seasoned writer.

36.     At all times relevant to this complaint, Defendant's Agent acted as an agent, servant, employee, representative, and/or joint venture of Defendant.

37.     Defendant authorized, controlled, and directed the actions of the Agent.

38.     Upon information and belief, whether as part of a general retention agreement or for the specific work, Defendant compensated Agent to author the article titled "Whitefish Mountain Resort Reports Just Shy of 500,000 Skier Visits For 2024/2025".

39.     Upon information and belief, at all material times Agent were acting within the course and scope of his authority and/or his employment, in furtherance of the business interests of Defendant when he created the Infringement.

40.     Defendant authorized, commanded, or ratified the conduct of Agent.

41.     Upon information and belief, at all material times the Agent was acting within the course and scope of his retention by Defendant as his principal when he created the Infringement.

42.     Alternatively, at all material times the Agent was acting within the course and scope of his retention by Defendant as his principal when Defendant posted the Infringement to the Website.

43.     Upon information and belief, Defendant approved the posting of the Infringement to the Website.

44.     Defendant is directly liable to Plaintiff for its actions in posting the Infringement to the Website.

45.     Alternatively or additionally, by reason of the agency relationship described above, Defendant is vicariously liable for all tortious acts and/or omissions committed by Agent

46.     Upon information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

47.     On information and belief, the Infringement was not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

48.     Upon information and belief, Defendant was aware of facts or circumstances from

which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

49.    Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

50.    Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website.

51.    Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

52.    Upon information and belief, Defendant monitors the content on its Website.

53.    Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

54.    Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in its business revenues.

55.    Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

56.    Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

57.    Defendant's use of the Photograph harmed the actual market for the Photograph.

58.    Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

59.    On November 18, 2025, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

60.    Despite Plaintiff's efforts and willingness to address Defendant's infringing activity

6

the parties failed to resolve the instant matter and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

61.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

62.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

63.     The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

64.     The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

65.     Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

66.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

67.     Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

68.     Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

69.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative,

7

at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

70.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

71.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
### (Vicarious Copyright Infringement)

72.     Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

73.     Upon information and belief, at all material times hereto, Defendant had the right and ability to supervise and/or control the infringing conduct of its Agent, and declined to exercise the right and ability to supervise or control that infringing conduct despite its legal right to stop or limit the directly infringing conduct as well as the practicable ability to do so.

74.     For example, on information and belief, Defendant has the practical ability to police the images on the Website when its Agent posted the Photograph, and therefore had the right and ability to supervise and control the Infringement.

75.     Upon information and belief, Defendant also has the ability to remove any infringing content from its Website and therefore has the right and ability to supervise and control the Infringement.

76.     As a direct and proximate result of such refusal to exercise its right to stop or limit the infringing conduct, Defendant has continued to infringe upon Plaintiff's Photograph, which in turn generates profits for Defendant directly from the use of the Infringement.

77.     Defendant enjoyed a direct financial benefit from the Infringement from *inter alia*, advertising revenue from the increased traffic to its Website and from increase in fees paid by

8

advertisers and sponsors.

78.     Upon information and belief, Defendant enjoyed a directed financial benefit from using the appeal or "draw" of Plaintiff's Photograph to increase user traffic to the Website, thereby increasing advertising revenue.

79.     Accordingly, Defendant is liable as a vicarious infringer since it profited from the Infringement while declining to exercise a right to stop or limit it.

80.     Upon information and belief, Defendant willfully vicariously infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code.

81.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each work infringed pursuant to 17 U.S.C. § 504(c).

82.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may award Plaintiff the recovery of its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

83.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyrights pursuant to 17 U.S.C. § 502.

## JURY DEMAND

84.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

      a.     finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

9

    b.      for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c.      for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d.      for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

    e.      for pre-judgment interest as permitted by law; and

    f.      for any other relief the Court deems just and proper.

DATED: March 19, 2026

**SANDERS LAW GROUP**

By:     */s/ Craig Sanders*     
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 132516

*Attorneys for Plaintiff*